**Heather M. SCHENK, Plaintiff,**

v.

**SOUTHEAST BANKING CORPORATION, Defendant.**

No. 89–6196–CIV–JAG.

United States District Court, S.D. Florida, Fort Lauderdale Division.

Nov. 30, 1989.

Walter G. Campbell, Jr. of Krupnick, Campbell, Malone & Roselli, P.A., Ft. Lauderdale, Fla., for plaintiff.

Alan Grunspan of Kaufman Miller Dickstein Grunspan & Oster, P.A., Miami, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff has responded and the motion is ripe for disposition.

The complaint contains one federal question claim, Count I, grounded in the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.* The other three counts are pendent state claims.

The defendant raises one issue under the RICO claim which is dispositive of this case. The complaint alleges that Schenk was wrongfully fired by Southeast for her refusal to acquiesce in certain accounting practices allegedly used by the bank to deprive certain employees of overtime compensation. There is no allegation that Schenk herself was not paid any overtime compensation to which she was entitled. The predicate acts in the complaint are alleged to be a pattern of fraudulent mailings between the bank and the Internal Revenue Service.

The defendants contend that Schenk lacks standing to sue under the RICO count. The argument is that the plaintiff has no such claim if she cannot allege a personal injury directly attributable to the predicate acts of mail fraud.

The plaintiff counters that even though she was not personally entitled to overtime compensation by virtue of her job description, that "as a direct result of her refusal to participate and/or acquiesce in defendant's scheme, she was terminated from her employment." Plaintiff's Response at 3. Schenk relies upon the cases of *Morast v. Lance*, 807 F.2d 926 (11th Cir.1987), and *Callan v. State Chemical Manufacturing Co.*, 584 F.Supp. 619 (E.D.Pa.1984), the latter decision having been cited by the Eleventh Circuit in footnote 8 of the *Morast* decision. The defendant attempts to distinguish the reference to *Callan* by classifying it as *dicta* and by arguing that, "[t]here is no legal distinction between being fired for 'discovery' versus being fired for 'refusing to participate' ... [or] between 'reporting' and 'refusing to report'." *See* Defendant's Reply at 6 (citations omitted).

In a rare occurrence, the Eleventh Circuit Court of Appeals has decided a case with indistinguishable facts to this cause. In the recent decision of *O'Malley v. O'Neill*, 887 F.2d 1557 (11th Cir.1989), the court considered the plaintiffs' claim that they were fired from their jobs for refusing to participate in or continue to conceal a mail fraud scheme. In clear language, the court held that these allegations are insufficient to satisfy RICO's requirements of standing and causation. In addition, the Eleventh Circuit considered and rejected the same argument made by the plaintiff here under *Morast* and *Callan*. *See O'Malley*, 887 F.2d at 1561–62.

Therefore, Count I of the complaint must be dismissed. Further, upon consideration of the factors in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), this court shall

decline jurisdiction over the remaining pendent, state claims.

Having considered the motion and the record in this cause, it is hereby

ORDERED AND ADJUDGED that the defendant's motion to dismiss is hereby GRANTED. Count I of the plaintiff's complaint is DISMISSED with prejudice. As to the remaining counts of the complaint, the case is hereby REMANDED to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

DONE AND ORDERED.